UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-61527-CV-SINGHAL
MAGISTRATE JUDGE REID

TAVON STONE,

    Plaintiff,

v.

HALLANDALE POLICE DEP'T et al.,

    Defendants.

## REPORT OF MAGISTRATE JUDGE

Plaintiff has filed a Complaint pursuant to 42 U.S.C. § 1983 alleging in false arrest. [ECF No. 1]. As discussed below, the Complaint should be dismissed without prejudice.[1]

### I.   Complaint's Allegations

On January 18 of an unspecified year, an unnamed officer went to a bank and told Plaintiff not to leave. [*Id.* at 3].[2] "His [backup] came" and then the unnamed officers removed $1,500 from his pants pocket. [*Id.*] Then, the unnamed officers found the key to his SUV and started "looking for the car in the parking lot with the key and the car was not found." [*Id.*] After that, the unnamed officers "read [him] his rights then violated [his] rights by putting false charges [on him]" for, *inter alia*, grand theft and fraud. [*Id.*] Plaintiff names the Hallandale Police Department, Broward County Jail, and Sheriff Gregory Tony as Defendants. [*Id.* at 2].

---

[1] Plaintiff also filed a "statement of claim." [ECF No. 5]. However, this document contains no facts and adds nothing in substance to the Complaint and, therefore, is not properly characterized as an amended complaint or a supplement to the Complaint.

[2] All page citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

1

He alleges that the following "admedments [sic]" were "voilated [sic]" due process, "cruel and unusal [sic] punisment [sic]," "fear and apprehension," police brutality, and false accusations. [*Id.*]. He seeks $2 million in compensatory damages and $500,000 in punitive damages. [*Id.* at 5].

## II.     Standard Under 28 U.S.C. § 1915(e)

"[Section] 1915(e) . . . applies to cases in which the plaintiff is proceeding IFP." *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam). Under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the Complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *see also Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Nonetheless, under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under § 1915(e)(2)(B)(ii), the Court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   Discussion

Plaintiff's Complaint suffers from numerous deficiencies and should be dismissed without prejudice. Although he conclusorily alleges a few constitutional violations, the thrust of the Complaint is that unnamed officers falsely arrested him.

"A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim," but the "existence of probable cause at the time of arrest . . . constitutes an absolute bar to a section 1983 action for false arrest." *Case v. Eslinger*, 555 F.3d 1317, 1326-27 (11th Cir. 2009) (ellipsis in original) (citation, internal quotation marks, and brackets omitted).

Here, Plaintiff's sparse and vague allegations do not support a reasonable inference that the unnamed officers arrested him without probable cause. He has not pleaded adequate "factual content" to reasonably support this inference. *See Iqbal*, 556 U.S. at 678.

The same is true for the other causes of action that Plaintiff raises. He makes legal conclusions but alleges no facts to support them. *See id.* ("[L]abels and conclusions or a formulaic recitation of the elements of a cause of action will not [state a civil rights claim]." (citation and internal quotation marks omitted)).

Furthermore, any claim against the unnamed officers would be deficient even had Plaintiff stated a facially plausible claim against them because he has not "adequately described [them] so that [they can] be identified for service." *See Dean v. Barber*, 951 F.2d 1210, 1216 n.6 (11th Cir. 1992).

Any claim against Sheriff Tony is deficient because he has not alleged that Tony had any personal involvement in the alleged constitutional violations. *See Iqbal*, 556 U.S. at 677 ("[E]ach Government official . . . is only liable for his or her own misconduct.").

Any claim against the police department or jail for municipal liability would fail because plaintiff has not alleged a cognizable § 1983 violation. *See Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996) ("[A]n inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred.").

Finally, plaintiff's claims for compensatory and punitive damages are insufficient because he has not pleaded any physical injury. *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) ("[A]n incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." (citations omitted)). The PLRA "applies to [] pretrial detainees" like Plaintiff. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2476 (2015).

## IV.   Conclusion

As discussed above, Plaintiff's Complaint [ECF No. 1] should be **DISMISSED** without prejudice and the case be **CLOSED** by the Clerk of Court.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from

attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

  **SIGNED** this 5th day of October, 2020.

                 _____
                 UNITED STATES MAGISTRATE JUDGE

cc: Tavon Stone
   582000017
   Broward County Jail-NBB
   North Broward Bureau
   Inmate Mail/Parcels
   Post Office Box 407037
   Ft. Lauderdale, FL 33340
   PRO SE